UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,                          Case No. 1:25-cr-036

v.                                        Hon. Robert J. Jonker
                                             United States District Judge

ERIC JOSEPH TERRELL,

        Defendant.

_____/

**DEFENDANT'S SENTENCING MEMORANDUM
AND BRIEF IN SUPPORT OF MOTION FOR DOWNWARD VARIANCE**

Defendant Eric Joseph Terrell, through his counsel Helen C. Nieuwenhuis, First Assistant Federal Public Defender, respectfully submits this memorandum in support of a sentence below the advisory guideline range. A below-guideline sentence is warranted because the advisory range—capped at the statutory maximum of 30 years—dramatically overstates the seriousness of this case and fails to account for the unique facts of the offense, Mr. Terrell's background, and his rehabilitation potential.

**I.      Legal Standard**

The guiding principle of federal sentencing is to impose a punishment minimally sufficient to accomplish the statutory purposes of sentencing. 18 U.S.C. § 3553(a). Those purposes include reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, deterring future crimes, protecting the public, and offering the

defendant treatment and rehabilitation. 18 U.S.C. § 3553(a)(2)(A)-(D).  While the advisory

Guidelines serve as a "starting point," they are not binding. *Kimbrough v. United States*,

552 U.S. 85, 101 (2007). The Court must make an individualized assessment based on all

the § 3553(a) factors, including the nature and circumstances of the offense, the defendant's

history and characteristics, and the need to avoid unwarranted disparities.

## II.      Nature and Circumstances of the Offense

Investigators at the Kent County Sheriff's Office received information that an adult

with username "Iswearitsconcensual" was exchanging sexual images with a minor on

Discord and Instagram.  The investigation linked the telephone number associated with the

Discord account to Mr. Terrell and determined that his father was the subscriber of the IP

address.  An investigation confirmed that Mr. Terrell lived with his parents.  Officers

obtained a search warrant for Mr. Terrell's residence.

Mr. Terrell was charged in one-count indictment with sexual exploitation of a

minor, in violation of 18 U.S.C. § 2251.  Between December 3 and December 23, 2024,

Mr. Terrell was exchanging sexual messages with a 15-year-old female, and she would

send him nude photos at his request.  Mr. Terrell pled guilty, accepted responsibility and

cooperated with the investigation.

The Presentence Investigation Report (PSR) calculated the guideline range as 360

months—the statutory maximum sentence.  There are no objections to the guideline

calculation.  However, although properly calculated, the sentence is greater than necessary.

2

### III.    History and Characteristics of the Defendant

Mr. Terrell is a 34-year-old man with no prior criminal record.  He grew up in a loving, stable home with attentive parents.  He has a close relationship with his sister and grandfather.  His mother describes him as a kind, gentle, and caring person who is deeply loved by his family.

He began experimenting with alcohol at age 14, and his drinking increased during and after the COVID-19 pandemic.  He has never received substance abuse or mental health treatment.  Both he and his mother believe he suffers from undiagnosed ADHD, depression, and anxiety, which have contributed to his isolation and poor judgment.

After leaving high school, Mr. Terrell found steady employment at Bumpers That Deliver by MBI Auto, where he has worked full-time in the paint room since 2017, averaging 50 hours per week.  His parents report that his routine consisted primarily of work and home, with limited social contact outside video games and the internet.  This background reveals a socially isolated young man struggling with mental health and alcohol issues; not a dangerous, incorrigible predator.

### IV.    Request for Variance

The advisory guideline range in this case reaches the statutory maximum of 30 years.  Such a range overstates the seriousness of Mr. Terrell's conduct and fails to distinguish between this case and the most severe production cases involving hands-on abuse of toddlers, coercion or long-term exploitation.

The victim in this case was 15 years old—a teenager nearing the age of consent under Michigan law—not a young child or toddler.  They connected on social media and

communications were voluntary and mutual in nature.  There was no coercion, threats, or manipulation.  The two never met in person, and there was no physical or hands-on sexual conduct.  The conduct occurred entirely online, over a short period of approximately 20 days between December 3 and December 23, 2024.

The guideline enhancements—use of a computer, minor's age, and commission of a sexual act—now appear in the majority of production cases, no longer serving as reliable indicators of aggravation. See *Federal Sentencing of Child Pornography: Production Offenses*, U.S. Sentencing Commission (2021), at 22.  As the Commission noted, "longer sentences, on average in excess of 300 months, were imposed for offenses involving infants or toddlers, familial or close relationships, physical sexual contact, or incapacitation of a victim." *Id.*  None of those factors are present here. The Sentencing Commission's data demonstrates that the average sentence for production offenses is approximately 275 months, and more than 57% of defendants receive a downward variance.  See *U.S. Sentencing Commission, Federal Sentencing of Child Pornography: Production Offenses* (2021).

A sentence at or near the statutory maximum would be disproportionate in this case. The maximum penalty should be reserved for the most egregious conduct—those who physically assault or repeatedly exploit children, not an isolated, short-lived, online offense involving a 15-year-old who voluntarily communicated with the defendant.

## V.    The "Sufficient But Not Greater Than Necessary" Sentence

Considering all § 3553(a) factors, a substantial downward variance is warranted. The offense, while serious, comparatively, is not the most serious.  It did not involve physical contact, no position of trust, and no coercion.  Absence of criminal record, consistent employment, strong family support, untreated mental health issues, and history of alcohol misuse—all warrant a sentence below the guideline range.  Mr. Terrell's arrest, prosecution, and felony conviction are powerful deterrents and had profound effect on him. He poses minimal risk of reoffending with treatment, supervision, and restricted internet access.

Mr. Terrell would benefit from mental health and substance abuse treatment.  He is also interested in vocational training, auto body repair, mechanics, small engine mechanics and painting.

## VI.    Conclusion

Mr. Terrell's conduct, while serious, does not warrant the statutory maximum penalty reserved for the most aggravated offenders.  A substantial downward variance would better reflect Mr. Terrell's individual culpability, promote rehabilitation, and align with national sentencing practices for similar non-contact production cases.

A sentence of well-below the advisory guideline range, followed by supervised release with treatment and restrictions, would fully satisfy the purposes of sentencing under § 3553(a).

Respectfully submitted,

SEAN R. TILTON
Federal Public Defender

Dated:  November 10, 2025

/s/ Helen C. Nieuwenhuis
HELEN C. NIEUWENHUIS
First Assistant Federal Public Defender
50 Louis, NW, Ste. 300
Grand Rapids Michigan 49503
(616) 742-7420

JASNA TOSIC
Research & Writing Specialist